720                    May 30, 2024                    No. 344

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Lori CLARK,
*Plaintiff-Appellant,*

*v.*

Richard GILSTRAP,
*Defendant-Respondent.*

Multnomah County Circuit Court
22CV10291; A179853

Thomas M. Christ, Judge Pro Tempore.

Submitted November 8, 2023.

Jacob Johnstun filed the brief for appellant.

Sean D. Lanz and Katlynn M. Backus filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff appeals a judgment dismissing her negligence claim, assigning error to the trial court's grant of summary judgment to defendant on grounds that plaintiff failed to file her complaint within the two-year time limit for injury claims. Because we agree that the two-year limit barred plaintiff's claim, we affirm.

We state the relevant background facts in the light most favorable to plaintiff, who was the nonmoving party. ORCP 47 C. On October 21, 2019, plaintiff was involved in a motor vehicle accident with defendant. Plaintiff went to the emergency room later that day for treatment of a headache and back pain, which she reported began about 10 minutes after the accident. Although plaintiff's headache was "quite mild" and had resolved by the end of the visit, she was diagnosed with acute midline thoracic back pain and lower left quadrant abdominal pain. During the visit, plaintiff also expressed concern that her pain pump, which had been surgically implanted in her abdomen previously to manage chronic pain, may have shifted during the accident.

Two days later, plaintiff reported in a follow-up appointment that her headache had returned. Within about a week she reported a pain level of 10/10 in her neck and head, which she described as starting after the accident and worsening over time. For at least 15 months after the accident, plaintiff attended physical therapy sessions to manage those symptoms, which physical therapy providers recorded as "auto related" injuries. Over the course of those months, she consistently reported back, neck, and abdominal pain to her physical therapy providers. She also sought massage therapy within the two months after the accident, reporting neck, shoulder, and back pain from the accident.

Plaintiff had her pain pump analyzed by a software programmer several times after the accident, though those analyses revealed no issues with the pump. However, because her pain persisted, she had surgery to check her pain pump internally nearly 16 months after the accident. That is when physicians discovered that the pump had been disconnected from the catheter, which meant that the pump

was no longer delivering medication to control plaintiff's chronic pain. Her surgeon believed that the motor vehicle accident had caused the catheter to disconnect.

Plaintiff filed a negligence claim against defendant 13 months after the surgery, but two years and five months after the accident. Defendant moved for summary judgment, arguing that plaintiff failed to file suit within the two-year time limit prescribed by ORS 12.110(1). Plaintiff countered defendant's motion with two arguments as to why the court should consider her complaint timely filed. Plaintiff argued that section 7(1) of House Bill (HB) 4212 (2020) granted her an extension to file her claim.[1] Plaintiff further argued that the statute of limitations did not begin to run until the "substantial damage" that she suffered was discoverable, which plaintiff asserts was after her pain pump surgery 16 months after the accident. The trial court rejected both of plaintiff's arguments and granted summary judgment to defendant.

In challenging that ruling on appeal, plaintiff renews the two arguments that she made below, which we will address in turn.

In her first argument, plaintiff contends that her claim was timely filed because HB 4212 section 7(1) granted her a 90-day extension to file her claim after the date of the repeal of the respective statute, and she filed her claim within the 90 days following the bill's repeal date.[2] We recently considered this issue in *Mouton v. TriMet*, where we held that nothing in the text, context, or legislative history of HB 4212 supports reading that bill to extend the statute of limitations past the repeal date of section 7(1). 331 Or App 247, 260, 546 P3d 1 (2024). Thus, we reject plaintiff's argument.

In her second argument, plaintiff relies on *Stevens v. Bispham* to argue that the statute of limitations did not begin to run until plaintiff discovered the "substantial

---

[1] HB 4212 section 7(1) states that, if the expiration of the time to commence a civil action falls within a governor-issued state of emergency related to the COVID-19 pandemic, then the expiration of the time to commence the action is extended to 90 days after the declaration is no longer in effect.

[2] HB 4212 section 7(1) was repealed on December 31, 2021, HB 4212 section 8, and plaintiff filed her claim on March 23, 2022.

damage" from the accident, which she claims was after her pain pump surgery. 316 Or 221, 227, 851 P2d 556 (1993) (holding that the statute of limitations begins when a plaintiff knows, or in the exercise of reasonable care should know, that the substantial damage suffered was caused by defendant). According to plaintiff, she could not have proved her negligence claim against defendant before the surgery, so the statute of limitations should have been tolled until after the surgery—an argument that, if accepted, would make her claim timely. She concedes, however, that her presurgery injuries may have supported a small claim, asserting that her presurgery injuries compared to the pain pump disconnection was the "difference between a $5,000 claim and what could very easily be a six-figure claim." Plaintiff interprets *Stevens* as holding that the statute of limitations only begins to run when a plaintiff discovers "substantial" damage as opposed to minor or moderate damage.

Defendant counters that the trial court correctly concluded that plaintiff discovered her injuries on the day of the accident, so that the two-year limitations period ended on October 21, 2021, and her claim filed five months after that was time-barred. We agree.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). In so doing, we "examine whether no objectively reasonable juror could find in [the nonmoving party's] favor on the question at issue," examining "'the pleadings, depositions, affidavits, declarations, and admissions on file.'" *Id*. (quoting ORCP 47 C).

The statute of limitations for a personal injury claim under ORS 12.110(1) is subject to the "discovery rule," such that the statute of limitations does not begin until a plaintiff knows or reasonably should have known that they were injured, and that the defendant caused the injury. *See, e.g.*, *Cole v. Sunnyside Marketplace, LLC*, 212 Or App 509, 518, 160 P3d 1 (2007), *rev den*, 344 Or 558 (2008). The statute of limitations does not begin to run until a plaintiff knows

every fact necessary to prove the elements of their claim. *Stevens*, 316 Or at 227. However, there is no requirement that a plaintiff discover the full extent of their injuries. *Widing v. Schwabe, Wiliamson & Wyatt*, 154 Or App 276, 284, 961 P2d 889 (1998). Rather, it is sufficient for a plaintiff to know that "*some* harm has been incurred and that *a* claim exists." *Id.* at 283-84 (emphases in original). When a plaintiff should have known of their claim is a factual issue for a factfinder, unless the only conclusion a reasonable factfinder could reach is that the plaintiff knew or should have known the critical facts to prove the plaintiff's claim at a specified time—thus leaving no issue of material fact. *T. R. v. Boy Scouts of America*, 344 Or 282, 296, 181 P3d 758, *cert den*, 555 US 825 (2008).

Here, the only conclusion that a reasonable factfinder could have reached is that plaintiff knew or should have known every necessary fact to prove a negligence claim against defendant on the day of the accident. Plaintiff sought emergency medical care that day, presenting with back pain and a headache which started about 10 minutes after the accident. Further, she expressed concern that the accident may have shifted her pain pump. Although her headache was mild and resolved during the emergency visit, plaintiff reported at an appointment two days later that her headache had returned. Within a week, plaintiff was reporting 10/10 level pain in her neck and head. She sought medical care for her injuries many times over the next 16 months, each time reporting that her symptoms began on the day of the accident. Those facts would indicate to any reasonable factfinder that plaintiff was aware of her injuries and defendant's causal relationship to them immediately following the accident.

Moreover, although plaintiff argues that she did not know that her injuries from the accident amounted to "substantial damage" until her surgery and thus could not have proved her negligence case if she had filed one before the surgery, the facts in the record indicate otherwise. Plaintiff's painful injuries to her head, neck, and back, which persisted for at least 15 months, were substantial enough to support a negligence claim against defendant. Further, her

interpretation of *Stevens* as holding that a plaintiff's "substantial" damage is relative to other damages suffered is incorrect. Our case law does not require or even suggest that courts compare different types of damage suffered by a plaintiff and that the limitations period only begins when the plaintiff discovers a relatively greater harm. *See Widing*, 154 Or App at 283-84 (holding that there is no requirement that a plaintiff discover the full extent of their injuries before the statute begins running and that it is sufficient for a plaintiff to know that "*some* harm has been incurred and that *a* claim exists" (emphases in original)).

Likewise, the record does not support plaintiff's argument that she did not have a claim before her surgery because the damages amount would be too little. The statute of limitations does not commence when a plaintiff discovers that they have a lucrative claim; it commences when a plaintiff discovers that they have *a* claim. Here, as explained above, plaintiff discovered damage that would have supported a claim on the day of the accident.

Accordingly, no objectively reasonable juror could have found that before her pain pump surgery plaintiff did not know or reasonably should not have known the facts necessary to prove the elements of her negligence claim. Thus, the trial court did not err both in finding that plaintiff's statute of limitations began to run the day of the accident and in granting summary judgment to defendant.

Affirmed.